IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

MICHAEL GOFF,

Petitioner,

v.                                                    Case No. 1:19-cv-00092

BARBARA RICKARD,
Warden, FCI McDowell,

Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are the *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Michael Goff ("Goff") and Respondent's Response to the Petition in which the Respondent seeks dismissal of the petition. (ECF Nos. 1, 10). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Goff is not entitled to the relief requested; therefore, the undersigned **RECOMMENDS** that the § 2241 petition be **DENIED**; Respondent's request for dismissal be **GRANTED**; and this matter be **DISMISSED**, with prejudice, from the docket of the Court.

## I.   Factual and Procedural History in the Eighth Circuit

In August 1989, a federal grand jury sitting in the Eastern District of Missouri

returned a superseding indictment charging Goff with three counts. (ECF No. 2 at 2). The first count alleged that Goff possessed with intent to distribute 500 grams or more of cocaine. The second count charged Goff with being a felon in possession of a firearm, and the third count alleged that he had used a firearm in and in relation to a drug trafficking crime. (*Id.*). The Government also filed an information, advising Goff that he was subject to an enhanced sentence in light of his two prior California state convictions for drug trafficking. On October 23, 1989, Goff pleaded guilty to the first count of the superseding indictment in exchange for dismissal of the second count. (ECF No. 2 at 3; ECF No. 10 at 1). With respect to the third count, Goff and the Government agreed to present the matter to the United States District Court for the Eastern District of Missouri (the "Sentencing Court") to determine Goff's guilt or innocence. (ECF No. 2 at 3). On December 4, 1989, Goff was found guilty by the Sentencing Court of the firearms charge. (ECF No. 2 at 3; ECF No. 10 at 1).

On February 2, 1990, Goff appeared for sentencing. At that time, district courts were required to sentence defendants in accordance with United States Sentencing Guidelines ("USSG") issued by the United States Sentencing Commission. Of relevance to this case, USSG § 4B1.1 imposed enhanced penalties on career offenders, defined as defendants that (1) were at least eighteen years of age at the time of the instant offense; (2) were convicted of a felony crime of violence or a controlled substance offense; and (3) had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (ECF No. 10-8 at 4). USSG § 4B1.2(2) further defined the term "controlled substance offense" to mean "an offense under a federal or state law prohibiting the manufacture, import, export, or distribution of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit

substance) with intent to manufacture, import, export, or distribute." (*Id.* at 5).

In Goff's case, the Sentencing Court found Goff to be a career offender under § 4B1.1 based upon his age, crime of conviction, and the two prior convictions in California for offenses in violation of California Health and Safety Code ("Cal. Code") §§ 11351 and 11352. Under the career offender sentence enhancement, Goff received a sentence of thirty-years' imprisonment on the first count and a statutorily-mandated five years of imprisonment on the firearms charge, with the sentences to run consecutively. (ECF No. 10-2 at 3). Goff filed an appeal with the United States Court of Appeals for the Eighth Circuit ("Eighth Circuit"), but challenged only his conviction and sentence on count three—the firearms charge. In September 1990, the Eighth Circuit affirmed the judgment of the Sentencing Court in an unpublished table decision. (ECF No. 1 at 3-4). *See United States v. Goff,* 915 F.2d 1578 (8th Cir. Sept. 19, 1990).

On January 9, 1991, Goff submitted to the Sentencing Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, alleging that the Sentencing Court erred in finding him guilty of the firearms charge, and asserting that his counsel was ineffective. (ECF No. 10-3 at 2-3). Before that motion could be addressed, Goff filed a second § 2255 motion, again alleging ineffective assistance of counsel, and adding claims of illegal sentence, unconstitutional indictment, and excessive sentence. (*Id.* at 3). In particular, Goff challenged his designation as a career offender based upon "prior convictions which were unconstitutional because he did not knowingly plead guilty." (*Id.*). On January 27, 1992, the Sentencing Court consolidated the motions. (*Id.* at 4).

On November 10, 1994, United States Magistrate Judge Lewis M. Blanton issued a Report and Recommendation, finding no merit to Goff's consolidated § 2255 motion and recommending dismissal of the case. (ECF No. 10-3). Specifically, Judge Blanton found

3

that (1) Goff was precluded from challenging his firearms conviction given the Eighth Circuit's denial of his appeal; (2) his various Sixth Amendment claims lacked a valid factual basis; (3) his prior convictions, which were based on guilty pleas, were properly considered under the career offender sentencing guidelines as they had not been ruled invalid by any court; (4) the record did not support Goff's attacks on the indictment and grand jury proceedings; (5) Goff's jurisdictional claims were contrary to prevailing law; (6) his sentence was constitutional; and (7) Goff was provided with sufficient notice that his sentence could be enhanced based upon his prior convictions. (ECF No. 10-3 at 8-22). Judge Blanton's Report and Recommendation was adopted on January 3, 1995, and Goff's § 2255 motion was denied and his case dismissed. (ECF No. 10-4). Goff did not appeal the dismissal.

In July 1996, Goff submitted another § 2255 motion, reasserting the challenge to his firearms conviction. *See United States v. Goff*, Case No. 4:89-cr-00155-CDP, Doc. 3 at 3. That motion was unsuccessful. Goff filed his next § 2255 motion in April 2001, arguing that his thirty-year drug sentence and conviction were improper under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* This motion was refused as a successive § 2255 motion for which Goff had failed to receive filing authorization. On May 23, 2005, Goff filed a "Petition for Proportionality Review" in the Sentencing Court, asserting that his sentence was excessive and that the career offender enhancement should not have been applied given the relatively minor predicate offenses. *Id.* at 3-4. The Sentencing Court denied the motion as procedurally improper.

On August 4, 2008, Goff filed in the Sentencing Court a Petition for Writ of Error for *Audita Querela* Pursuant to 28 U.S.C. 1651(a), which was denied a few days later "[a]s there [was] not [a] legal basis for granting any of the relief sought." *Goff*, Case No. 4:89-

cr-00155-CDP, Doc. 6. Goff appealed, and the Eighth Circuit summarily affirmed the Sentencing Court's dismissal on November 3, 2008. *Id.,* Doc. 11. In 2016, Goff sought authorization from the Eighth Circuit for leave to file a successive § 2255 motion. The Eighth Circuit denied the request on May 31, 2017. *Goff*, Case No. 4:89-cr-00155-CDP, Doc. 14.

## II.    **Procedural History in the Fourth Circuit**

Goff filed the instant petition for habeas relief under 28 U.S.C § 2241 on February 6, 2019. (ECF No. 1). In the petition, Goff indicates that, at the time of his sentencing, he was determined to be a career offender under USSG § 4B1.1 based upon two prior felony drug trafficking convictions. The career offender designation resulted in a sentence enhancement that increased the range of imprisonment from 92-115 months to 360 months to life.  Goff argues that his sentence should be vacated, because an intervening change of law has rendered his career offender designation invalid. According to Goff, he should be resentenced to "time-served" and given credit toward his supervised release, considering that he has spent substantially longer in prison than his crimes of conviction merited. Goff relies on the decision of the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in *United States v. Wheeler,* 886 F.3d 415 (4th Cir. 2018), to support his contention that this Court is the proper forum for relief.  (*Id.* at 2).

In opposition to the petition, Respondent maintains that this Court lacks jurisdiction over Goff's petition, because it challenges the validity of his sentence, which is an issue properly raised in the Sentencing Court. ((ECF No. 10). Respondent refutes Goff's contention that there has been an intervening change in the law, which is retroactive on collateral review and affects the constitutionality of his sentence. Respondent claims that, at most, Goff has demonstrated a change in the "procedure for

5

determining whether a defendant's prior conviction qualifies" for application of a sentence enhancement, and such a change is not applied retroactively. (ECF No. 10 at 8) (citing *United States V. Powell,* 691 F.3d 554, 559 (4th Cir. 2012)).

The parties filed additional memoranda, which the undersigned has considered, but does not restate herein. (ECF Nos. 12, 13, 17). The issues have been fully briefed, and this matter is ready for disposition.

## III.    <u>Standard of Review</u>

Respondent requests that Goff's petition be dismissed. (ECF No. 10 at 1). Respondent does not articulate under which rule's authority he seeks dismissal, but, presumably, this request is made pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Respondent filed a Response concurrently with his motion to dismiss, the motion technically should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice

6

or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## IV.    <u>Discussion</u>

Despite the title he affixes to his petition, Goff unequivocally challenges the validity of his sentence and not it's execution. As such, his filing is not a habeas petition under 28 U.S.C. § 2241; rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Davis v. Rickard,* No. 1:18-01192, 2019 WL 4780814, at *2 (S.D.W. Va. Sept. 30, 2019).

Notwithstanding, Goff argues that his petition is properly brought under § 2241, because he qualifies for the "savings clause" exception to § 2255. The "savings clause" is found in the last sentence of § 2255(e), as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). As indicated, the savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," *Vial*, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, in the context of a challenge to the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of the circuit or the Supreme Court established the legality of his sentence; (2) subsequent to his direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. *Wheeler*, 886 F.3d at 429. The Fourth Circuit held in *Wheeler* that the requirements of the savings clause were jurisdictional rather than procedural; therefore, if they are not met, the court does not have jurisdiction to entertain the § 2241 petition. *Id.* at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. *See Hood v. United States*, 13 F. App'x. 72 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

### A. The Petition as a § 2241 Motion

### 1. Governing law

"In evaluating substantive claims under the savings clause ... we look to the substantive law of the circuit where the defendant was convicted." *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019). On the other hand, procedural issues are governed by the procedural law of the circuit in which the petition is pending. *Id.* Goff was convicted in the Eastern District of Missouri, which sits in the Eighth Circuit. As he was incarcerated in the Southern District of West Virginia at the time he filed his habeas petition, Goff properly filed the petition in this Court. Therefore, the undersigned applies Fourth Circuit procedural law and Eighth Circuit substantive law. Notably, Goff relies heavily on Ninth Circuit law, because his predicate convictions were offenses under the laws of California, which sits in the Ninth Circuit. However, cases from the Ninth Circuit are immaterial to the *Wheeler* analysis and are only considered tangentially.

### 2. Goff cannot meet the four prongs of *Wheeler;* as a result, he cannot use the savings clause to challenge his sentence

#### a. Prong One—at the time of sentencing, settled law of the Circuit or the Supreme Court established the legality of the sentence.

Respondent argues that Goff has not established the first prong of the test, pointing out that all of the cases cited by Goff in support of his position post-date his February 1990 sentencing. (ECF No. 10 at 3-5). This Court applies the substantive law of the Supreme Court of the United States ("Supreme Court") and the Eighth Circuit to determine whether the legality of Goff's sentence was settled at the time of its imposition.

To begin, the undersigned notes that the United States Sentencing Commission was created as part of the Sentencing Reform Act of 1984, 18 U.S.C. § 3551, *et seq. See* 28 U.S.C. § 991. The first Manual containing the USSG was not published until 1987, just two

years before the 1989 Manual used in Goff's sentencing. *Id.* As a result, at the time of Goff's sentencing, just a handful of cases had been decided by the Eighth Circuit that construed the career offender guidelines, and fewer still discussed what convictions qualified as predicate controlled substance offenses for purposes of applying the career offender enhancement. Indeed, only one case pre-dating Goff's sentencing, *United States v. Thomas,* 894 F.2d 996 (8th Cir. 1990) (per curiam), touched on the appropriateness of a prior drug conviction to support a career offender designation.

In *Thomas,* the Eighth Circuit considered whether a defendant was properly sentenced as a career offender under the USSG based, in part, on a 1986 conviction for delivery of a controlled substance. One key consideration was whether the career offender guidelines applied at all. The Eighth Circuit found that the defendant had engaged in a drug distribution conspiracy that resulted in his present conviction. The conspiracy arose prior to implementation of the USSG, but continued after the USSG's effective date. The defendant had two prior felony convictions—one for drug distribution and one for assault with intent to inflict serious bodily injury. The Eighth Circuit concluded that the career offender guidelines were properly used by the sentencing court and the two prior convictions qualified as predicate offenses for the enhancement. *Id.* at 997. The *Thomas* Court did not examine the definition of "controlled substance offense" in the career offender guidelines, nor explicitly analyze the prior drug conviction to determine if the definition encompassed the conviction. As such, nothing in the *Thomas* Court's decision established the legality of Goff's sentence.

Several months after Goff was sentenced, the Eighth Circuit decided *United States v. Brown,* 903 F.2d 540 (1990). In *Brown*, the Eighth Circuit considered whether the defendant's 1986 conviction for cocaine transportation under Cal. Code § 11352—the

same statute currently challenged by Goff—qualified as a predicate "controlled substance offense" for application of the USSG's career offender guidelines. The defendant argued that the conviction should not qualify, because the California statute did not have the same *mens rea* requirement as the federal statues expressly listed in the definition of "controlled substance offense," and the defendant's violation of the California law was treated with leniency. The Eighth Circuit rejected the defendant's position, holding that the district court properly considered the California conviction as a predicate offense, because the elements of the California offense and the federal offense were substantially similar. *Id.* at 543-44. The Eighth Circuit examined the 1988 version of USSG § 4B1.2, which defined "controlled substance offense" to include "other offenses that are substantially equivalent to the offenses listed." The district court determined that Cal Code § 11352 was "substantially similar" to 21 U.S.C. § 841(a)(1), and the Eighth Circuit agreed.

Importantly, however, USSG § 4B1.2 was amended "effective November 1, 1989 to eliminate the 'substantially similar' language. Since Brown was sentenced June 28, 1989, [his] case [was] governed by the pre-amendment version of the definition." *Id.* at 543, n.6. Consequently, the *Brown* case did not establish the legality of Goff's sentence for two reasons. First, it was decided after Goff was sentenced, and, second, the decision was based upon language in the career offender guidelines that was no longer present in the version under which Goff was sentenced. As such, whether convictions under California Health & Safety Code ("Cal. Code") §§ 11351 and 11352 fell within the definition of "controlled substance offenses" in the 1989 Manual was not settled law.

Even years after Goff's case, the Eighth Circuit continued to grapple with new questions regarding the propriety of career offender sentences supported by prior

controlled substance convictions. *See, e.g., United States v. Consuegra,* 22 F.3d 788 (8th Cir. 1994) (finding that the Sentencing Commission did not exceed its congressional directive by including state drug convictions as predicates for career offender enhancements); *United States v. Jones,* 28 F.3d 69 (8th Cir. 1994) (holding that a defendant is precluded from collaterally attacking a prior state drug conviction that is used as a predicate for a career offender enhancement); *United States v. Mendoza-Figueroa,* 65 F.3d 691, 694 (8th Cir. 1995) (interpreting USSG § 4B1.2 to include a conviction for *conspiracy* to distribute a controlled substance as a predicate offense when applying the career offender guidelines); *United States v. Simon,* 208 F.3d 219 (8th Cir. 2000) (determining that simple possession drug offenses were not "controlled substance offenses" under the career offender guidelines, but a conviction for attempted possession of marijuana with intent to deliver did qualify as a predicate controlled substance offense); *United States v. Walterman,* 343 F.3d 938 (8th Cir. 2003) (holding that a prior conviction under Iowa law of possessing lithium, an unlisted precursor chemical, with intent to manufacture a controlled substance did not qualify as a predicate "controlled substance offense" for application of the career offender guidelines). As these cases demonstrate, Eighth Circuit law was in its infancy at the time of Goff's sentencing and certainly was not "well settled" or "established." Accordingly, Goff should have objected to his career offender designation on direct appeal.

Moreover, the Supreme Court had not addressed the propriety of using convictions under Cal. Code §§ 11351, 11352—or statutes of similar wording—for career offender enhancements. In May 1990, while Goff's direct appeal was pending, the Supreme Court decided *Taylor v. United States,* 495 U.S. 575 (1990). Although *Taylor* did not involve the career offender guidelines, or address the definition of "controlled substance offense"

under those guidelines, *Taylor* did provide guidance on how sentencing courts should determine whether a prior conviction qualified as a predicate offense for a sentence enhancement. In *Taylor,* the Supreme Court considered what the term "burglary" meant when included as an enumerated predicate offense in the Armed Career Criminal Act ("ACCA"), which could lead to the imposition of a harsher sentence for a career criminal. The Supreme Court concluded that sentencing courts should take a "categorical" approach by examining the elements of a prior conviction and comparing them to the elements of generic burglary. If the prior conviction was for an offense that included the same, or narrower, elements than generic burglary, the conviction qualified as a predicate offense under the ACCA. *Id.* at 602. In cases in which the statute underlying the prior conviction included alternate elements, courts could modify their categorical approach by reviewing certain court documents to determine if the jury necessarily had to find all of the elements of generic burglary in order to convict. If the jury did find these elements, then the conviction categorically qualified as a predicate offense. *Id*.

While *Taylor* provided prospective guidance to courts on how to apply the provisions of the ACCA, it did not demonstrate the existence of "settled" law that established the legality of Goff's sentence. To the contrary, *Taylor* highlighted the ambiguity that existed in implementing career criminal sentence enhancements. Consequently, the undersigned **FINDS** that Goff cannot satisfy the first prong of the *Wheeler* test.

> ### b. Prong two—subsequent to the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review.

Goff argues that after his direct appeal and first § 2255 motion, settled substantive law changed in the Eighth Circuit, such that his prior drug trafficking conviction under

Cal. Code § 11352 no longer qualified as a predicate offense justifying his career offender enhancement. (ECF No. 2 at 6-8) (citing *United States v. Garcia-Medina,* 497 F.3d 875 (8th Cir. 2007)). In *Garcia-Medina,* the Eighth Circuit examined whether a defendant's sentence was properly enhanced under USSG § 2L1.2 based on two felony convictions for violations of Cal. Code § 11352(a). Section 2L1.2. allowed the sentencing court to enhance a defendant's sentence when the defendant had a prior felony conviction for a "drug trafficking" offense. *Garcia-Medina*, 497 F.3d at 876. "Drug trafficking" was defined in the relevant guidelines as "an offense under ... state ... law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ...  or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." *Id.* The Eighth Circuit considered Cal. Code § 11352 and found it to be "overinclusive" of  USSG § 2L1.2. Accordingly, the Eighth Circuit reasoned that the modified categorical approach should be applied to determine if the conviction qualified as a predicate offense. Noting that the sentencing court had done so, and had received court documents verifying that the defendant had pled guilty to the two prior felonies—including a complaint, trial information, and minute order confirming the defendant's guilty plea—the Eighth Circuit affirmed the conviction and sentence. The Eighth Circuit explained that, "[i]n California, a guilty plea admits every element of the offense charged, including all accusations and factors comprising the charge contained in the pleading." *Id.* at 878 (citations omitted). Accordingly, the Eighth Circuit reasoned, "by pleading guilty to counts one and two as worded, in the conjunctive, Garcia-Medina admitted to several offenses committed on at least two occasions." *Id.*

Goff asserts that the decision in *Garcia-Medina,* finding Cal. Code § 11352 to be overinclusive, was a statutory interpretation, which should be given retroactive

application, as statutory interpretations always apply retroactively. (ECF No. 2 at 8) (citing *Rivers v. Roadway Express,* 511 U.S. 298, 312-13 (1994)). He contends that *Garcia-Medina* invalidates his career offender enhancement, because the Sentencing Court did not look to acceptable court documents in establishing his prior convictions. Instead, the Sentencing Court relied upon a description of his convictions set forth in the pretrial services report, which did not carry the same reliability as the judicial records outlined in *Taylor* for purpose of the modified categorical approach. (ECF No. 2 at 12). Goff argues that his habeas petition should also be granted, because the Eighth Circuit criticized the district court for using a conviction under Cal. Code § 11352 as a basis for a career offender enhancement. Goff makes similar arguments in relation to Cal. Code § 11351, which was the statute underlying the second prior conviction used to support his sentence enhancement. (*Id.* at 14-15) (citing *United States v. Bowman,* 116 F. App'x 840 (9th Cir. 2004)).

Goff's arguments related to the second prong of *Wheeler* are unpersuasive for at least two reasons. First, the Eighth Circuit cases cited by Goff did not create new rules of substantive law, as required by *Wheeler*. New rules of substantive law include "decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." *Schriro v. Summerlin,* 542 U.S. 348, 351 (2004). In contrast, the cases relied upon by Goff merely examined whether a sentencing court applied proper procedure in determining the foundation for a USSG sentence enhancement. *See, e.g., Garcia-Medina,* 497 F.3d at 877 (concluding that the modified categorical approach should be used for a conviction under Cal. Code § 11352 and considering whether the supporting documents provided by the Government were

15

sufficient to show a prior "drug trafficking offense"); *Bowan,* 116 F. App'x  at 842-43 (considering whether evidence of the defendant's no-contest plea to an information charging a violation of Cal. Code § 11351 was sufficient under the modified categorical approach to support a career offender enhancement); *United States v. Benitez-De Los Santos,* 650 F.3d 1157 (8th Cir. 2011) (holding that documents presented by the Government at sentencing established that the defendant's prior conviction under Cal. Code § 11351 qualified as a "drug trafficking offense under USSG § 2L1.2.).

Although not directly relevant to the instant action, the undersigned notes that the Ninth Circuit cases cited by Goff suffer from the same deficiency. *See, e.g., United States v. Kovac,* 367 F.3d 1116 (9th Cir. 2004) (holding that the Government's reliance on a presentence report to establish that Cal. Code § 11352 was a controlled substance offense for career offender enhancement was insufficient); *United States v. Lee,* 704 F.3d 785 (9th Cir. 2012) (applying the modified categorical approach to a conviction under Cal. Code § 11352(a) and finding that the supporting judicial documents were inconclusive as to whether the defendant pleaded guilty to an offense that could be counted as a predicate conviction under USSG § 4B1.2). The Ninth Circuit, like the Eighth Circuit, did not interpret any statutes, nor make constitutional determinations that placed particular conduct or persons beyond the State's power to punish. Rather, the appellate courts performed a de novo review of the sentencing courts' application of the modified categorical approach to determine whether a particular prior conviction qualified as a predicate offense for a sentence enhancement. "[R]ules that regulate only the *manner of determining* the defendant's culpability are procedural," not substantive. *Schriro,* 542 U.S. at 353 (citing *Bousley v. United States,* 523 U.S. 614, 620 (1998)).

Second, Goff has not established that any of the cases upon which he relies are

retroactive on collateral review. In *Schriro,* the Supreme Court explained as follows:

> When a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review. As to convictions that are already final, however, the rule applies only in limited circumstances. New *substantive* rules generally apply retroactively. This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish. Such rules apply retroactively because they necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal or faces a punishment that the law cannot impose upon him. New rules of procedure, on the other hand, generally do not apply retroactively. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise. Because of this more speculative connection to innocence, we give retroactive effect to only a small set of watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding. That a new procedural rule is "fundamental" in some abstract sense is not enough; the rule must be one without which the likelihood of an accurate conviction is *seriously* diminished. This class of rules is extremely narrow, and it is unlikely that any has yet to emerge.

542 U.S. at 351-52. (citations and markings omitted). Goff may attempt to argue that *Taylor* created a new "watershed" procedural rule; however, that argument does not help Goff satisfy the *Wheeler* test, because *Taylor* was decided prior to Goff's first § 2255 motion. In fact, Goff's direct appeal was still pending when *Taylor* was published. Later cases building on and clarifying *Taylor* have not been found by either the Eighth Circuit or the Fourth Circuit to be retroactive on collateral review, because they do not announce new rules of law. *Winarske v. United States,* 913 F.3d 765, 768 (8th Cir. 2019) ("[N]either *Mathis* nor *Descamps* announced 'a new rule of law, made retroactive to cases on collateral review by the Supreme Court,' as § 2255(h)(2) and § 2244(b)(2)(A) require. Rather, 'these decisions are simply the Supreme Court's latest interpretations of the categorical approach the Court has long applied in deciding whether a prior conviction is an ACCA violent felony.'") (quoting *Martin v. United States,* 904 F.3d 594, 597 (8th Cir.

2018)); *Brooks v. Bragg,* 735 F. App'x 108, 109 (4th Cir. 2018) ("However, *Descamps* and *Mathis* did not announce a retroactively applicable substantive change in the law. Rather, these cases reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist enhancements."). In any event, none of these cases directly address the career offender guidelines or the definition of "controlled substance offense" used by those guidelines.

Accordingly, the undersigned **FINDS** that Goff fails to satisfy the second prong of the *Wheeler* test.

### c. Prong 3—the movant cannot satisfy the gatekeeping provisions of § 2255(h)(2) for second or successive motions

The undersigned **FINDS** that Goff meets this prong, because a § 2255 motion would be both untimely and successive, and Goff is not likely to obtain authorization from the Eighth Circuit to file a successive § 2255 motion. Goff does not offer newly discovered evidence, nor does he raise in support of his claims a new, previously unavailable rule of constitutional law, made retroactive on collateral review by the Supreme Court.

### d. Prong 4—due to the retroactive change of law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Given that Goff has not established a retroactive change in substantive law, his sentence does not present an error sufficiently grave to be deemed a fundamental defect. Therefore, as Goff fails to satisfy prongs 1, 2 and 4 of the *Wheeler* test, the undersigned **FINDS** that this Court lacks jurisdiction over Goff's habeas petition.

### B. The Petition as a § 2255 Motion

Inasmuch as Goff's claims are not properly brought under § 2241, his petition

"must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If this Court chooses to dismiss Goff's case, then he will be required to pursue his claim in the United States District Court for the Eastern District of Missouri. Unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated at the time that he files his petition*, see United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008), Section 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a).

The Court could construe Goff's petition as a § 2255 motion and transfer it to the Sentencing Court; however, the undersigned **FINDS** no purpose in this exercise. Goff's apparent lack of authorization from the Eighth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), eliminates any benefit to be gained from a transfer to the Sentencing Court. *See Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W. Va. Oct. 17, 2013); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

As an alternative, this Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Eighth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions;" instead, leaving district courts the discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). A district court may dismiss, rather than transfer, a petition that is meritless or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999)) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous). Similarly, the Eighth Circuit only mandates transfers that are "in the interest of justice," and does not require the transfer of petitions that cannot present a viable second or successive motion. *See Lopez v. Heinauer,* 332 F.3d 507, 511 (8th Cir. 2003).

For an appellate court to grant a petitioner's request to file a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers "whether the applicant made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, "tak[ing] a peek at the merits" of Goff's claim, it appears that

a transfer is not warranted because Goff cannot satisfy the requirements of 28 U.S.C. §
2255(h), *Phillips*, 173 F.3d at 610. Therefore, the undersigned **FINDS** that transfer of
Goff's petition would not be in the interest of justice.

## IV.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that
the District Court confirm and accept the foregoing findings and **RECOMMENDS** that
Goff's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be
**DENIED;** that Respondent's request for dismissal, (ECF No. 10), be **GRANTED;** and
that this action be **DISMISSED,** with prejudice, and removed from the docket of the
court.

The parties are notified that this "Proposed Findings and Recommendations" is
hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United
States District Judge. Pursuant to the provisions of Title 28, United States Code, Section
636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall
have fourteen days (filing of objections) and three days (if received by mail) from the date
of filing this "Proposed Findings and Recommendations" within which to file with the
Clerk of this Court, specific written objections, identifying the portions of the "Proposed
Findings and Recommendations" to which objection is made and the basis of such
objection. Extension of this time period may be granted by the presiding District Judge
for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de
novo* review by the District Court and a waiver of appellate review by the Circuit Court of
Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140
(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727

F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** April 13, 2020

Cheryl A. Eifert
United States Magistrate Judge